## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

### Baltimore Division

| | | |
|---|---|---|
| In re: | * | |
| ANTONIETTA SERRUTO, | * | Case No. 12-17606-NVA |
| Debtor. | * | (Chapter 7) |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

| | | |
|---|---|---|
| ANTONIETTA SERRUTO, | * | |
| Plaintiff | | |
| v. | * | ADV. PROC. No. |
| MARYLAND PORTFOLIOS, INC.<br>821 W. Benfield Rd<br>Suite 12<br>Severna Park, MD 21146 | * | |
| Defendant | | |
| Serve on: | | |
| Patrick M. Smith, Resident Agent<br>May & Smith, P.A.<br>7412 Baltimore Annapolis Blvd<br>Glen Burnie, MD 21601 | * | |
| And | * | |
| PEROUTKA & PEROUTKA, P.A.<br>8028 Ritchie Hwy<br>Suite 300<br>Pasadena, MD 21122 | | |
| Defendant | | |
| Serve on: | | |
| Stephen G. Peroutka, Resident Agent<br>Peroutka & Peroutka, P.A.<br>8028 Ritchie Hwy | * | |

338387.2 / 5356.1

Suite 300                                              *
Pasadena, MD 21122

And                                                    *

STEPHEN G. PEROUTKA
8028 Ritchie Hwy                                       *
Suite 300
Pasadena, MD 21122                                     *
     Defendant

And                                                    *

MICHAEL A. PEROUTKA                                    *
Peroutka & Peroutka, P.A.
8028 Ritchie Hwy
Suite 300                                              *
Pasadena, MD 21122
     Defendant

And                                                    *

SEAN P. DALY
Peroutka & Peroutka, P.A.
8028 Ritchie Hwy
Suite 300                                              *
Pasadena, MD 21122
     Defendant

And                                                    *

EMILY M. CHIARIZIA
Peroutka & Peroutka, P.A.
8028 Ritchie Hwy
Suite 300                                              *
Pasadena, MD 21122
     Defendant

*       *       *       *       *       *       *       *       *       *       *       *       *

**COMPLAINT SEEKING CONTEMPT REMEDIES FOR WILFUL
VIOLATION OF AUTOMATIC STAY AFTER DISCHARGE, AND FOR
VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
AND FOR VIOLATION OF THE MARYLAND CONSUMER DEBT
COLLECTION ACT**

Antonietta Serruto, the Plaintiff herein, by her undersigned counsel, hereby sues Maryland Portfolios, Inc. ("Portfolios"), Peroutka & Peroutka, P.A. ("Law Firm"), Stephen G Peroutka, Esquire ("S. Peroutka"), Michael A. Peroutka, Esquire ("M. Peroutka") Sean P. Daly, Esquire ("S. Daly") and Emily M. Chiarizia, Esquire ("E. Chiarizia") (Law Firm, S. Peroutka, M. Peroutka, S. Daly and E. Chiarizia may be referred to collectively as the "Legal Defendants")  for (i) contempt for willful violation of the automatic stay after discharge under 11 U.S.C. §524, (the "Bankruptcy Code Injunction"); (ii) for breach of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (the "Federal Debt Act"); and (iii) for breach of the Maryland Consumer Debt Collection Act, §§14-201, *et seq*., Maryland Commercial Law Code   (the "Maryland Debt Act") and in support thereof alleges as follows:

**<u>Parties, Jurisdiction and Venue</u>**

1.      This Complaint is filed by Antonietta Serruto, Plaintiff, who is the Debtor in the above-captioned Chapter 7 case.  She is a resident of Baltimore County, MD.

2.      Plaintiff was sued by Defendants in a "Complaint-Assigned Consumer Debt" which was filed in the District Court of Maryland for Baltimore County, Case No. 0804 0031001 2013 (the "Action").

3.      The Action is an attempt to collect a credit card debt from Plaintiff in the amount of $11,310.76 (the "Card Debt") which Card Debt has been discharged in Plaintiff's Chapter 7 case.

4.      Portfolios is a Maryland corporation which has its principal and only place of business in Glen Burnie, MD.

5.      Upon information and belief, Portfolios has some common ownership with one or more of the other Legal Defendants.

6.      Portfolios is a "collector" as defined by the Maryland Debt Act with respect to the Action and the Card Debt.

7.      Portfolios is a "collection agency" as defined by MD Business Regulation Code Ann. §§7-101 *et seq.* (the "Maryland FDCPA") with respect to the Action and the Card Debt.

8.      Portfolios is a "Creditor" as defined by the Federal Debt Act with respect to the Action and the Card Debt.

9.      Portfolios is a "Debt Collector" as defined by the Federal Debt Act with respect to the Action and the Card Debt.

10.      Portfolios is the holder of a license from the State of Maryland under the Maryland FDCPA.

11.      This Court has jurisdiction over Portfolios.

12.      Law Firm is a professional association formed under the laws of the State of Maryland. Law Firm has its principal place of business in Glen Burnie, MD. This Court has jurisdiction over Law Firm.

13.      Law Firm holds itself out as a business with expertise in consumer debt collection activity.

14.      Upon information and belief, Law Firm has some common ownership with Portfolios.

15.      Law Firm is the holder of a license from the State of Maryland under the Maryland FDCPA.

16.     Law Firm is a "collector" as defined by the Maryland Debt Act with respect to the Action and the Card Debt.

17.     Law Firm is a "collection agency" as defined by the Maryland FDCPA with respect to the Action and the Card Debt.

18.     Law Firm is a "Debt Collector" as defined by the Federal Debt Act with respect to the Action and the Card Debt.

19.     S. Peroutka, is an attorney duly admitted to practice law in the State of Maryland. He has his principal place for the practice of law in Glen Burnie, MD.

20.     S. Peroutka is a principal with Law Firm. He holds himself out as an expert in consumer debt collection law.

21.     This Court has jurisdiction over S. Peroutka.

22.     Upon information and belief, S. Peroutka has some common ownership with Portfolios.

23.     S. Peroutka is the holder of a license from the State of Maryland under the Maryland FDCPA.

24.     S. Peroutka is a "collector" as defined by the Maryland Debt Act with respect to the Action and the Card Debt.

25.     S. Peroutka is a "collection agency" as defined by the Maryland FDCPA with respect to the Action and the Card Debt.

26.     S. Peroutka is a "Debt Collector" as defined by the Federal Debt Act with respect to the Action and the Card Debt.

27.     M. Peroutka is an attorney duly admitted to practice law in the State of Maryland. He has his principal place for the practice of law in Glen Burnie, MD.

28.     M. Peroutka is a principal with Law Firm. M. Peroutka holds himself out as an expert in consumer debt collection law.

29.     This Court has jurisdiction over M. Peroutka.

30.     Upon information and belief, M. Peroutka has some common ownership with Portfolios.

31.     M. Peroutka is a "collector" as defined by the Maryland Debt Act with respect to the Action and the Card Debt.

32.     M. Peroutka is a "collection agency" as defined by the Maryland FDCPA with respect to the Action and the Card Debt.

33.     M. Peroutka is a "Debt Collector" as defined by the Federal Debt Act with respect to the Action and the Card Debt.

34.     S. Daly, one of the defendants named herein, is an attorney duly admitted to practice law in the State of Maryland. He has his principal place for the practice of law in Glen Burnie, MD.

35.     S. Daly holds himself out as an expert in consumer debt collection law.

36.     This Court has jurisdiction over S. Daly.

37.     S. Daly is a "collector" as defined by the Maryland Debt Act with respect to the Action and the Card Debt.

38.     S. Daly is a "collection agency" as defined by the Maryland FDCPA with respect to the Action and the Card Debt.

39.     S. Daly is a "Debt Collector" as defined by the Federal Debt Act with respect to the Action and the Card Debt.

40.     E. Chiarizia, one of the defendants named herein, is an attorney duly admitted to practice law in the State of Maryland. She has her principal place for the practice of law in Glen Burnie, MD.

41.     E. Chiarizia holds herself out as an expert in consumer debt collection law.

42.     This Court has jurisdiction over E. Chiarizia.

43.     E. Chiarizia is a "collector" as defined by the Maryland Debt Act with respect to the Action and the Card Debt.

44.     E. Chiarizia is a "collection agency" as defined by the Maryland FDCPA with respect to the Action and the Card Debt.

45.     E. Chiarizia is a "Debt Collector" as defined by the Federal Debt Act with respect to the Action and the Card Debt.

46.     This Court has jurisdiction over this adversary proceeding which arises in a case under the Bankruptcy Code and which relates to property of the Debtor under 28 U.S.C. §1334.

47.     This is a core proceeding.

48.     Venue is proper in this Court because the Chapter 7 case is pending in this Court.

### Summary of the Case

49.     This Complaint arises from the conduct of the Defendants in sending collection letters to Plaintiff and in filing and prosecuting a law suit in the District Court for Maryland against Plaintiff to try to collect the Card Debt that was discharged by this Court.

50.     Defendants are all licensed and/or are all experienced in consumer debt collections.   Had they had followed reasonable procedures, Defendants would have known from PACER that Plaintiff had filed a Chapter 7 case in 2012 and had received a discharge of this Card Debt from 2011.

51.     This is conduct by Defendants that did not have to happen because the Defendants experienced debt collectors who knew or, in the exercise of reasonable care, should have known, and the Defendants were actually told about the Chapter 7 filing and the discharge by the Plaintiff before the Action was filed.

52.     The fact that it did happen under these circumstances, and that it was the conduct of Defendants, all of whom hold themselves out as either licensed or experienced consumer debt collectors, gives rise to the conclusion that it was willful conduct by the Defendants.

53.     Had Defendants reviewed the Plaintiff's Bankruptcy Schedule F on PACER they would have seen that the Card Debt was duly scheduled in the case, including the full, correct account number.

54.     The Defendants were given a second chance to conform their conduct to the requirements of the law when Plaintiff actually called Law Firm after receiving a collection letter. The collection letter itself was in violation of the stay after discharge, 11 U.S.C. §524, a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, and a violation of the Maryland Consumer Debt Collection Act, §§14-201, *et seq*., Maryland Commercial Law Code.

55.     When Plaintiff promptly called the Law Firm's telephone number that she was asked to call in the collection letter, she talked to an employee of the Law Firm and

actually told that employee about the Chapter 7 case and the discharge of the Card Debt that Legal Defendants and Portfolios were trying to collect.

56.     Even after actual notice of the discharge of the Card Debt, the Defendants sued the Plaintiff in the Maryland District Court. All of the Defendants signed the Complaint.

57.     Unbelievably, Defendants had the suit papers served on Plaintiff for the first time on Thanksgiving Day at about 9 p.m. No previous attempt to serve the Complaint had been made.

58.     The wrongful conduct of Defendants impacted and injured this Plaintiff and caused her to incur legal fees and caused her emotional distress and mental anguish.

### Facts Common to All Counts

59.     Plaintiff filed the above captioned Chapter 7 case (the "Case") on April 23, 2012. (the "Petition Date")

60.     In the Case, Plaintiff duly scheduled as a general unsecured debt a credit card debt described as follows:   Account No.: 4465-4201-8186-1576, Wells Fargo Card Services, Credit Bureau Dispute Resolution, P.O. Box 14517, Des Moines, IA 50306, Credit Card Charges, $11301.76 (the "Card Debt").  *See* Sheet 1 of 2, Schedule F, as filed in the within case at Dkt 3, a copy of which is attached hereto as Exhibit A and incorporated herein.

61.     Notice of the filing of the Case by Plaintiff was duly given by the Bankruptcy Noticing Center on April 26, 2012 to Wells Fargo Card Services as is shown by the Certificate of Notice filed in the Case at dkt. 15.   A copy of the Certificate of Notice is attached hereto as Exhibit B and incorporated herein.

62.    Pursuant to an order of this Court dated August 1, 2012 (the "Discharge Order"), Plaintiff was granted a discharge of her debts in the Case, including the Card Debt.

63.    Notice of the Discharge Order was given by the Bankruptcy Noticing Center on August 3, 2012 to Wells Fargo Card Services as is shown by the Certificate of Notice filed in the Case at Dkt. 20 (the "Discharge Certificate of Notice").  A copy of the Discharge Certificate of Notice is attached hereto as Exhibit C and incorporated herein.

64.    No party in interest objected to the discharge of the Plaintiff or requested that the Court determine the discharge ability of any of the Plaintiff's scheduled debts.

65.    The Card Debt was incurred by Plaintiff prior to June, 2012.

66.    The Card Debt is a "consumer transaction" as defined in Maryland Debt Act.

67.    The Card Debt was incurred by Plaintiff primarily for personal, family and household purposes and not for business or agricultural purposes.

68.    Plaintiff is a "consumer" as defined by the Federal Debt Act.

69.    The Card Debt is a "debt" as defined by the Federal Debt Act.

70.    The Card Debt was discharged by the Discharge Order.

71.    Wells Fargo Card Services was given actual notice of the Discharge Order.

72.    Portfolios is currently the holder of the Card Debt which it obtained by assignment dated July 23, 2013.

73.    Portfolios referred the Card Debt to Law Firm to collect the Card Debt from Plaintiff on behalf of Portfolios.

74.     Plaintiff learned for the first time that Portfolios claimed to be the holder of the Card Debt when she received a collection letter dated July 26, 2013 ("Collection Letter") from Law Firm.  A copy of the Collection Letter is attached hereto as Exhibit D and incorporated herein.

75.     The Collection Letter states, "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. If you are a debtor in a bankruptcy action or you are represented by counsel for any reason, you should notify us."

76.     The Collection Letter states that Plaintiff could, and should, notify Law Firm that she had filed bankruptcy and discharged the Card Debt.

77.     The Collection Letter contains a telephone number for Plaintiff to use to notify Law Firm about her bankruptcy, which number is 800-899-2424.

78.     After receiving the Collection Letter, Plaintiff telephoned Law Firm at the 800-899-2424 telephone, said call being made on or about August 1, 2013.

79.     The telephone number was answered by a female individual who identified herself as an employee (the "Employee") of Law Firm.

80.     The Employee is not a lawyer and is engaged primarily to solicit debts for collection.

81.     Plaintiff referred to the Collection Letter and told Employee that she had filed bankruptcy and that the Card Debt was discharged by the Discharge Order.

82.     Plaintiff specifically told Employee that it was not legal for any collection action to be taken against Plaintiff by Law Firm or Portfolios because of the Discharge Order.

83.    Employee ended the telephone conversation shortly after Plaintiff told Employee that: (i) she had filed bankruptcy, (ii) the Card Debt was discharged in that bankruptcy and (iii) collection action by Law Firm to collect the Card Debt was not legal.

84.    On November 15, 2013, all Defendants signed a "Complaint-Assigned Consumer Debt" which was filed in the District Court of Maryland for Baltimore County, case no. 080400310012013 (the "Action").  A copy of the Action is attached hereto as Exhibit E and incorporated herein.

85.    In the Action, Portfolios, by and through the Legal Defendants, sued Plaintiff for the Card Debt.

86.    Legal Defendants are charged with knowledge of the information that Plaintiff gave to Employee about: (i) her bankruptcy case; (ii) the discharge of the Card Debt; and (iii) that collection activity by them against Plaintiff was in violation of the Discharge Order.

87.    At the time that the Action was filed, all Defendants had actual notice of the (i) filing of the Chapter 7 bankruptcy by Plaintiff and (ii) entry of the Discharge Order enjoining collection of the Card Debt.

88.    Had Legal Defendants, or any of them, acted in accordance with reasonable standards in the collection of consumer debts, one or more of the Legal Defendants would have reviewed PACER to determine if Plaintiff, "Antonietta Serruto" had filed bankruptcy in Maryland, the State where she currently resides and where the Collection Letter was sent.

89.     Had any of the Legal Defendants reviewed PACER, the Legal Defendants would have learned that there is only one Serruto in the PACER records for Maryland and that Antonietta Serruto is that person.

90.     Had any of the Legal Defendants reviewed PACER, Defendants would have learned that Plaintiff had filed Chapter 7 on June 7, 2012 and that she had duly scheduled the Card Debt.

91.     Had any of the Legal Defendants reviewed PACER Legal Defendants would have learned that the Discharge Order had been entered and that an action to collect the Card Debt would violate the Discharge Order.

92.     On November 28, 2013, said day being Thanksgiving Day, at approximately 8 or 9 p.m., a process server employed by Legal Defendants (the "Process Server") banged on the door of Plaintiff's home and demanded that Plaintiff open the door to him.

93.     The Process Server did not identify himself as a process server.

94.     The Process Server was attempting to serve Plaintiff with the Action.

95.     No attempt was made to serve Plaintiff with the Action prior to the night of Thanksgiving Day.

96.     To Plaintiff, Process Server was an unknown male pounding on her door after dark on Thanksgiving and demanding that the door be opened.

97.     Plaintiff is a single female who lives alone and who was in her home alone on Thanksgiving night at the time that the unknown male banged on her door and yelled at her to "Open up!"

98.     Plaintiff was terrified by the pounding and the demands of the unknown male at her door.

99.     Plaintiff responded that she would not open her door to the unknown male.

100.    Process Server continued to pound on the door and demand that the door be opened to him.

101.    Plaintiff was so distressed that she was getting ready to call the police because she feared for her safety.

102.    Process Server eventually left her home but told her he was leaving papers regarding the Action for her.

103.    After service of the legal papers for the Action, Plaintiff suffered severe emotional distress because of the above-described actions of Process Server.

104.    Plaintiff suffered severe emotional distress because she believed that the filing of the Action against her, despite her bankruptcy and the Discharge Order and despite her notification to Law Firm, meant that she had to pay the Card Debt.

105.    Plaintiff knows that she does not have the financial ability to pay the Card Debt and she was extremely upset by the representation in the Action that she was liable to pay the Card Debt.

106.    Plaintiff has struggled to pay for her daily living expenses since she filed Chapter 7.

107.    Plaintiff has struggled to make the payments required by the mortgage on her home since she filed Chapter 7.

108.    Plaintiff was emotionally distressed by the Action because she believed the representation in the Action by the Legal Defendants that she owed the Card Debt.

109.    Plaintiff knows that she does not have the financial ability to pay $11,301.76, which is the amount that the Action states that she owes to Portfolios.

110.    The Action is an action which violates the Discharge Order.

111.    The Defendants are all subject to the provisions of the Federal Debt Act, because the Defendants are all debt collectors and the Card Debt is debt incurred by a consumer primarily for personal, family and household purposes.

112.    In filing the Action to collect on the discharged Card Debt, the Defendants mis-stated the character and legal status of the Card Debt, and violated the Federal Debt Act, specifically 15 U.S.C. § 1692e(2).

113.    In filing the Action to collect on the discharged Card Debt, the Defendants mis-stated the character and legal status of the Card Debt, and violated the Maryland Debt Act, specifically § 14-202(8).

114.    In serving the Action to collect on the discharged Card Debt on the night of Thanksgiving Day, the Legal Defendants took action that could reasonably be expected to abuse or harass the Plaintiff and violated the Maryland Debt Act, specifically § 14-202(6).

115.    Plaintiff suffered emotional distress and mental anguish as a result of the conduct of the Legal Defendants.

116.    Plaintiff has incurred legal fees and filing costs as a result of the conduct of the Defendants.


## Count One
### (Against Defendant S. Peroutka- Willful Violation of Discharge Order)

117.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 116 above.

118.    S. Peroutka was aware of the Discharge Order and the discharge of the Card Debt because his employee was actually told both facts by Plaintiff.

119.    S. Peroutka and Law Firm have a collection agency license which was issued in July, 1984.

120.    Law Firm and its collectors recently completed training and testing to achieve the designation of "Professional Collection Specialist".

121.    S. Peroutka had a duty to Plaintiff to check the public records to determine if Plaintiff had filed a bankruptcy proceeding which might have discharged the Card Debt.

122.    S. Peroutka failed to take steps to learn if Plaintiff had filed bankruptcy.

123.    Defendant Peroutka signed the Complaint which initiated the Action against Plaintiff to collect the Card Debt and listed his bar number on the Complaint.

124.    S. Peroutka intended the actions that he took in filing the Action.

125.    S. Peroutka directed that the Process Server serve the Complaint on Plaintiff and is liable for the actions of the Process Server on Thanksgiving Day at Plaintiff's home.

126.    S. Peroutka willfully violated the Discharge Order entered by this Court.

127.    The actions of S. Peroutka in filing the Action have harassed the Plaintiff.

128.    S. Peroutka has caused Plaintiff to incur legal fees of this adversary proceeding and in defending the Action.

129.    S. Peroutka has caused Plaintiff emotional distress as a result of his willful actions in filing the Action.

130.    S. Peroutka has caused Plaintiff emotional distress as a result of the conduct of his Process Server in serving the Action on Plaintiff in the manner described.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Stephen G. Peroutka in willful contempt of this Court's order of August 1, 2012, dkt 18 in this case, which order discharged Plaintiff of the Card Debt; (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Peroutka; (iv) award compensatory damages to Plaintiff for missed days at work; and (v) award punitive damages to Plaintiff in the amount of $100 per day from August 1, 2013 through the date of trial in order to enforce compliance in the future by Defendant who is an experienced collections attorney whose actions have been egregious.

## Count Two
### (Against Defendant Portfolios- Willful Violation of Discharge Order)

131.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 130 above.

132.    Defendant Portfolios was aware of the Discharge Order and the discharge of the Card Debt because its agent Peroutka & Peroutka was actually told the facts about both.

133.    Defendant Portfolios currently holds a Maryland Collection Agency License, #6125 and is experienced in the area of collections of consumer debt.

134.    Defendant Portfolios had a duty to Plaintiff to check the public records to determine if Plaintiff had filed a bankruptcy proceeding which might have discharged the Card Debt.

135.    Defendant Portfolios failed to take any steps to learn if Plaintiff had filed bankruptcy.

136.    Defendant Portfolios through its Vice President Michael A. Lagana signed the Complaint which initiated the Action.

137.    Defendant Portfolios intended the actions that it took in signing and directing the filing of the Action.

138.    The actions of Defendant Portfolios in filing the Action have harassed the Plaintiff.

139.    Defendant Portfolios is responsible for the actions of the Process Server that served the Action on Plaintiff on Thanksgiving at Plaintiff's home.

140.    Defendant Portfolios willfully violated the Discharge Order entered by this Court.

141.    Defendant Portfolios has caused Plaintiff to incur legal fees in this adversary proceeding and in defending the Action.

142.    Defendant Portfolios has caused Plaintiff emotional distress as a result of its willful actions in filing the Action.

143.    Defendant Portfolios has caused Plaintiff emotional distress as a result of the conduct of its Process Server in serving the Action on Plaintiff in the manner described.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Maryland Portfolios, Inc. in willful contempt of this Court's order of August 1, 2012, dkt 18 in this case, which order discharged Plaintiff of the Card Debt; (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Portfolios; (iv) award compensatory damages to Plaintiff for missed days at work; and (v) award punitive damages to Plaintiff in the amount of $100 per day from August 1, 2013 through the date of trial in order to enforce compliance in the future by Defendant Portfolios which is licensed consumer collections agency whose actions have been egregious.

### Count Three
### (Against Defendant Law Firm - Willful Violation of Discharge Order)

144.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 143 above.

145.    Defendant Law Firm was aware of the Discharge Order and the discharge of the Card Debt because its agent Peroutka & Peroutka was actually told the facts about both.

146.    Defendant Law Firm currently holds a Maryland Collection Agency License, #6125 and is experienced in the area of collections of consumer debt.

147.    Defendant Law Firm had a duty to Plaintiff to check the public records to determine if Plaintiff had filed a bankruptcy proceeding which might have discharged the Card Debt.

338387.2 / 5356.1

148.    Defendant Law Firm failed to take any steps to learn if Plaintiff had filed bankruptcy.

149.    Defendant Law Firm through S. Peroutka, M. Peroutka, S. Daly and E. Chiarizia signed the Complaint which initiated the Action.

150.    Defendant Law Firm intended the actions that it took in signing and filing of the Action.

151.    The actions of Defendant Law Firm in filing the Action have harassed the Plaintiff.

152.    Defendant Law Firm is responsible for the actions of the Process Server that served the Action on Plaintiff on Thanksgiving at Plaintiff's home.

153.    Defendant Law Firm willfully violated the Discharge Order entered by this Court.

154.    Defendant Law Firm has caused Plaintiff to incur legal fees in this adversary proceeding and in defending the Action.

155.    Defendant Law Firm has caused Plaintiff emotional distress as a result of its willful actions in filing the Action.

156.    Defendant Law Firm has caused Plaintiff emotional distress as a result of the conduct of its Process Server in serving the Action on Plaintiff in the manner described.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Defendant Law Firm, in willful contempt of this Court's order of August 1, 2012, dkt 18 in this case, which order discharged Plaintiff of the Card Debt; (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs

incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Portfolios; (iv) award compensatory damages to Plaintiff for missed days at work; and (v) award punitive damages to Plaintiff in the amount of $100 per day from August 1, 2013 through the date of trial in order to enforce compliance in the future by Defendant Portfolios which is licensed consumer  collections agency whose actions have been egregious.

### Count Four
### (Against Defendant M. Peroutka - Willful Violation of Discharge Order)

157.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 156 above.

158.    Defendant M. Peroutka was aware of the Discharge Order and the discharge of the Card Debt because its agent Peroutka & Peroutka was actually told the facts about both.

159.    Defendant M. Peroutka currently holds a Maryland Collection Agency License, #6125 and is experienced in the area of collections of consumer debt.

160.    Defendant M. Peroutka had a duty to Plaintiff to check the public records to determine if Plaintiff had filed a bankruptcy proceeding which might have discharged the Card Debt.

161.    Defendant M. Peroutka failed to take any steps to learn if Plaintiff had filed bankruptcy.

162.    Defendant M. Peroutka signed the Complaint which initiated the Action.

163.    Defendant M. Peroutka intended the actions that he took in signing and directing the filing of the Action.

164.    The actions of Defendant M. Peroutka in filing the Action have harassed the Plaintiff.

165.    Defendant M. Peroutka is responsible for the actions of the Process Server that served the Action on Plaintiff on Thanksgiving at Plaintiff's home.

166.    Defendant M. Peroutka willfully violated the Discharge Order entered by this Court.

167.    Defendant M. Peroutka has caused Plaintiff to incur legal fees in this adversary proceeding and in defending the Action.

168.    Defendant M. Peroutka has caused Plaintiff emotional distress as a result of its willful actions in filing the Action.

169.    Defendant M. Peroutka has caused Plaintiff emotional distress as a result of the conduct of its Process Server in serving the Action on Plaintiff in the manner described.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Defendant M. Peroutka, in willful contempt of this Court's order of August 1, 2012, dkt 18 in this case, which order discharged Plaintiff of the Card Debt; (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Portfolios; (iv) award compensatory damages to Plaintiff for missed

days at work; and (v) award punitive damages to Plaintiff in the amount of $100 per day from August 1, 2013 through the date of trial in order to enforce compliance in the future by Defendant Portfolios which is licensed consumer collections agency whose actions have been egregious.

## Count Five
### (Against Defendant S. Daly - Willful Violation of Discharge Order)

170. Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 169 above.

171. Defendant S. Daly was aware of the Discharge Order and the discharge of the Card Debt because its agent Peroutka & Peroutka was actually told the facts about both.

172. Defendant S. Daly currently holds a Maryland Collection Agency License, #6125 and is experienced in the area of collections of consumer debt.

173. Defendant S. Daly had a duty to Plaintiff to check the public records to determine if Plaintiff had filed a bankruptcy proceeding which might have discharged the Card Debt.

174. Defendant S. Daly failed to take any steps to learn if Plaintiff had filed bankruptcy.

175. Defendant S. Daly signed the Complaint which initiated the Action.

176. Defendant S. Daly intended the actions that he took in signing and directing the filing of the Action.

177. The actions of Defendant S. Daly in filing the Action have harassed the Plaintiff.

178.    Defendant S. Daly is responsible for the actions of the Process Server that served the Action on Plaintiff on Thanksgiving at Plaintiff's home.

179.    Defendant S. Daly willfully violated the Discharge Order entered by this Court.

180.    Defendant S. Daly has caused Plaintiff to incur legal fees in this adversary proceeding and in defending the Action.

181.    Defendant S. Daly has caused Plaintiff emotional distress as a result of its willful actions in filing the Action.

182.    Defendant S. Daly has caused Plaintiff emotional distress as a result of the conduct of its Process Server in serving the Action on Plaintiff in the manner described.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Defendant S. Daly, in willful contempt of this Court's order of August 1, 2012, dkt 18 in this case, which order discharged Plaintiff of the Card Debt; (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Portfolios; (iv) award compensatory damages to Plaintiff for missed days at work; and (v) award punitive damages to Plaintiff in the amount of $100 per day from August 1, 2013 through the date of trial in order to enforce compliance in the future by Defendant Portfolios which is licensed consumer  collections agency whose actions have been egregious.

**Count Six**
**(Against Defendant E. Chiarizia - Willful Violation of Discharge Order)**

183.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 182 above.

184.    Defendant E. Chiarizia was aware of the Discharge Order and the discharge of the Card Debt because its agent Peroutka & Peroutka was actually told the facts about both.

185.    Defendant E. Chiarizia currently holds a Maryland Collection Agency License, #6125 and is experienced in the area of collections of consumer debt.

186.    Defendant E. Chiarizia had a duty to Plaintiff to check the public records to determine if Plaintiff had filed a bankruptcy proceeding which might have discharged the Card Debt.

187.    Defendant E. Chiarizia failed to take any steps to learn if Plaintiff had filed bankruptcy.

188.    Defendant E. Chiarizia signed the Complaint which initiated the Action.

189.    Defendant E. Chiarizia intended the actions that she took in signing and directing the filing of the Action.

190.    The actions of Defendant E. Chiarizia in filing the Action have harassed the Plaintiff.

191.    Defendant E. Chiarizia is responsible for the actions of the Process Server that served the Action on Plaintiff on Thanksgiving at Plaintiff's home.

192.    Defendant E. Chiarizia willfully violated the Discharge Order entered by this Court.

193.    Defendant E. Chiarizia has caused Plaintiff to incur legal fees in this adversary proceeding and in defending the Action.

194.    Defendant E. Chiarizia has caused Plaintiff emotional distress as a result of its willful actions in filing the Action.

195.    Defendant E. Chiarizia has caused Plaintiff emotional distress as a result of the conduct of its Process Server in serving the Action on Plaintiff in the manner described.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Defendant E. Chiarizia, in willful contempt of this Court's order of August 1, 2012, dkt 18 in this case, which order discharged Plaintiff of the Card Debt; (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Portfolios; (iv) award compensatory damages to Plaintiff for missed days at work; and (v) award punitive damages to Plaintiff in the amount of $100 per day from August 1, 2013 through the date of trial in order to enforce compliance in the future by Defendant Portfolios which is licensed consumer  collections agency whose actions have been egregious.

### Count Seven
### (Against Defendant Portfolios-Violation of Maryland Consumer Debt Collection Act Section 14-202(8))

196.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 195 above.

197.    The actions of Portfolios in filing the Action violate §14-208(8) of the Maryland Debt Act.

198.   The actions of Portfolios in filing the Action were willful and intentional.

199.   The actions of Portfolios in filing the Action are a claim, attempt or threat to enforce payment of the Card Debt with knowledge that the right to collect the Card Debt from Plaintiff does not exist.

200.   The actions by Portfolios in filing the Action have damaged Plaintiff because she incurred, and will continue to incur, legal costs in this Adversary Proceeding and in defending the Action.

201.   The actions by Portfolios in filing the Action have damaged Plaintiff emotionally and have caused her mental anguish as more fully set forth above.

202.   The actions of Portfolios in filing the Action have damaged Plaintiff who has incurred medical expenses and who was unable to concentrate at work.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Maryland Portfolios, Inc. intentionally violated Maryland Consumer Debt Collection Act, Section 14-202(8); (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Portfolios; and (iv) award damages to Plaintiff for emotional distress and mental anguish.

### Count Eight
### (Against Defendant Law Firm -Violation of Maryland Consumer Debt Collection Act Section 14-202(8))

203.   Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 202 above.

204.     The actions of Law Firm in filing the Action violate §14-208(8) of the Maryland Debt Act.

205.     The actions of Law Firm in filing the Action were willful and intentional.

206.     The actions of Law Firm in filing the Action are a claim, attempt or threat to enforce payment of the Card Debt with knowledge that the right to collect the Card Debt from Plaintiff does not exist.

207.     The actions by Law Firm in filing the Action have damaged Plaintiff because she incurred, and will continue to incur, legal costs in this Adversary Proceeding and in defending the Action.

208.     The actions by Law Firm in filing the Action have damaged Plaintiff emotionally and have caused her mental anguish as more fully set forth above.

209.     The actions of Law Firm in filing the Action have damaged Plaintiff who has incurred medical expenses and who was unable to concentrate at work.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Law Firm intentionally violated Maryland Consumer Debt Collection Act, Section 14-202(8); (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Portfolios; and  (iv) award damages to Plaintiff for emotional distress and mental anguish.

**Count Nine**
**(Against Defendant S. Peroutka -Violation of Maryland Consumer Debt Collection Act Section 14-202(8))**

210.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 209 above.

211.    The actions of S. Peroutka in filing the Action violate §14-208(8) of the Maryland Debt Act.

212.    The actions of S. Peroutka in filing the Action were willful and intentional.

213.    The actions of S. Peroutka in filing the Action are a claim, attempt or threat to enforce payment of the Card Debt with knowledge that the right to collect the Card Debt from Plaintiff does not exist.

214.    The actions by S. Peroutka in filing the Action have damaged Plaintiff because she incurred, and will continue to incur, legal costs in this Adversary Proceeding and in defending the Action.

215.    The actions by S. Peroutka in filing the Action have damaged Plaintiff emotionally and have caused her mental anguish as more fully set forth above.

216.    The actions of S. Peroutka in filing the Action have damaged Plaintiff who has incurred medical expenses and who was unable to concentrate at work.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Stephen Peroutka intentionally violated Maryland Consumer Debt Collection Act, Section 14-202(8); (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional

distress she suffered as a result of the actions of Defendant Stephen Peroutka; and (iv) award damages to Plaintiff for emotional distress and mental anguish.

**Count Ten**
**(Against Defendant M. Peroutka -Violation of Maryland Consumer Debt**
**Collection Act Section 14-202(8))**

217.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 216 above.

218.    The actions of M. Peroutka in filing the Action violate §14-208(8) of the Maryland Debt Act.

219.    The actions of M. Peroutka in filing the Action were willful and intentional.

220.    The actions of M. Peroutka in filing the Action are a claim, attempt or threat to enforce payment of the Card Debt with knowledge that the right to collect the Card Debt from Plaintiff does not exist.

221.    The actions by M. Peroutka in filing the Action have damaged Plaintiff because she incurred, and will continue to incur, legal costs in this Adversary Proceeding and in defending the Action.

222.    The actions by M. Peroutka in filing the Action have damaged Plaintiff emotionally and have caused her mental anguish as more fully set forth above.

223.    The actions of M. Peroutka in filing the Action have damaged Plaintiff who has incurred medical expenses and who was unable to concentrate at work.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Michael Peroutka intentionally violated Maryland Consumer Debt Collection Act, Section 14-202(8); (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this

adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Michael Peroutka; and  (iv) award damages to Plaintiff for emotional distress and mental anguish.

## Count Eleven
### (Against Defendant S. Daly -Violation of Maryland Consumer Debt Collection Act Section 14-202(8))

224.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 223 above.

225.    The actions of S. Daly in filing the Action violate §14-208(8) of the Maryland Debt Act.

226.    The actions of S. Daly in filing the Action were willful and intentional.

227.    The actions of S. Daly in filing the Action are a claim, attempt or threat to enforce payment of the Card Debt with knowledge that the right to collect the Card Debt from Plaintiff does not exist.

228.    The actions by S. Daly in filing the Action have damaged Plaintiff because she incurred, and will continue to incur, legal costs in this Adversary Proceeding and in defending the Action.

229.    The actions by S. Daly in filing the Action have damaged Plaintiff emotionally and have caused her mental anguish as more fully set forth above.

230.    The actions of S. Daly in filing the Action have damaged Plaintiff who has incurred medical expenses and who was unable to concentrate at work.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Sean Daly intentionally violated Maryland Consumer Debt Collection Act, Section 14-202(8); (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Sean Daly; and  (iv) award damages to Plaintiff for emotional distress and mental anguish.

### Count Twelve
### (Against Defendant E. Chiarizia -Violation of Maryland Consumer Debt Collection Act Section 14-202(8))

231.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 230 above.

232.    The actions of E. Chiarizia in filing the Action violate §14-208(8) of the Maryland Debt Act.

233.    The actions of E. Chiarizia in filing the Action were willful and intentional.

234.    The actions of E. Chiarizia in filing the Action are a claim, attempt or threat to enforce payment of the Card Debt with knowledge that the right to collect the Card Debt from Plaintiff does not exist.

235.    The actions by E. Chiarizia in filing the Action have damaged Plaintiff because she incurred, and will continue to incur, legal costs in this Adversary Proceeding and in defending the Action.

236.    The actions by E. Chiarizia in filing the Action have damaged Plaintiff emotionally and have caused her mental anguish as more fully set forth above.

237.    The actions of E. Chiarizia in filing the Action have damaged Plaintiff who has incurred medical expenses and who was unable to concentrate at work.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Emily Chiarizia intentionally violated Maryland Consumer Debt Collection Act, Section 14-202(8); (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Emily Chiarizia; and  (iv) award damages to Plaintiff for emotional distress and mental anguish.

### Count Thirteen

### (Against S. Peroutka-Violation of Maryland Consumer Debt Collection Act Section 14-202(6))

238.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 237 above.

239.    The actions of S. Peroutka in serving the Action violate §14-208(6) of the Maryland Debt Act.

240.    The actions of S. Peroutka in serving the Action were willful and intentional.

241.    The actions of S. Peroutka in serving the Action are a communication with Plaintiff at unusual hours of the night of Thanksgiving Day which S. Peroutka knew, or should have known, could reasonably be expected to abuse or harass Plaintiff.

242.    The Process Server is an agent of S. Peroutka and S. Peroutka is responsible for his actions because S. Peroutka retained his services for filing the Action.

243.    The actions by S. Peroutka in serving the Action in such an abusive and harassing manner have damaged Plaintiff because she incurred, and will continue to incur, legal costs in this Adversary Proceeding and in defending the Action.

244.    The actions by S. Peroutka in serving the Action have damaged Plaintiff emotionally and have caused her mental anguish as more fully set forth above.

245.    The actions of S. Peroutka in serving the Action have damaged Plaintiff who has incurred medical expenses and who was unable to concentrate at work.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Stephen Peroutka intentionally violated Maryland Consumer Debt Collection Act, Section 14-202(6); (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Stephen Peroutka; and (iv) award damages to Plaintiff for emotional distress and mental anguish for abusive and harassing conduct.

### Count Fourteen

### (Against Law Firm-Violation of Maryland Consumer Debt Collection Act Section 14-202(6))

246.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 245 above.

247.    The actions of Law Firm in serving the Action violate §14-208(6) of the Maryland Debt Act.

248.    The actions of Law Firm in serving the Action were willful and intentional.

249.    The actions of Law Firm in serving the Action are a communication with Plaintiff at unusual hours of the night of Thanksgiving Day which Law Firm knew, or should have known, could reasonably be expected to abuse or harass Plaintiff.

250.    The Process Server is an agent of Law Firm and Law Firm is responsible for his actions because Law Firm retained his services for filing the Action.

251.    The actions by Law Firm in serving the Action in such an abusive and harassing manner have damaged Plaintiff because she incurred, and will continue to incur, legal costs in this Adversary Proceeding and in defending the Action.

252.    The actions by Law Firm in serving the Action have damaged Plaintiff emotionally and have caused her mental anguish as more fully set forth above.

253.    The actions of Law Firm in serving the Action have damaged Plaintiff who has incurred medical expenses and who was unable to concentrate at work.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Peroutka & Peroutka, P.A.  intentionally violated Maryland Consumer Debt Collection Act, Section 14-202(6); (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Peroutka &

Peroutka, P.A; and  (iv) award damages to Plaintiff for emotional distress and mental anguish for  abusive and harassing conduct.

## Count Fifteen

### (Against M. Peroutka -Violation of Maryland Consumer Debt Collection Act Section 14-202(6))

254.   Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 253 above.

255.   The actions of M. Peroutka in serving the Action violate §14-208(6) of the Maryland Debt Act.

256.   The actions of M. Peroutka in serving the Action were willful and intentional.

257.   The actions of M. Peroutka in serving the Action are a communication with Plaintiff at unusual hours of the night of Thanksgiving Day which M. Peroutka knew, or should have known, could reasonably be expected to abuse or harass Plaintiff.

258.   The Process Server is an agent of M. Peroutka and M. Peroutka is responsible for his actions because M. Peroutka retained his services for filing the Action.

259.   The actions by M. Peroutka in serving the Action in such an abusive and harassing manner have damaged Plaintiff because she incurred, and will continue to incur, legal costs in this Adversary Proceeding and in defending the Action.

260.   The actions by M. Peroutka in serving the Action have damaged Plaintiff emotionally and have caused her mental anguish as more fully set forth above.

261.   The actions of M. Peroutka in serving the Action have damaged Plaintiff who has incurred medical expenses and who was unable to concentrate at work.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Michael Peroutka intentionally violated Maryland Consumer Debt Collection Act, Section 14-202(6); (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Michael Peroutka; and (iv) award damages to Plaintiff for emotional distress and mental anguish for abusive and harassing conduct.

### Count Sixteen

### (Against S. Daly -Violation of Maryland Consumer Debt Collection Act Section 14-202(6))

262.     Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 261 above.

263.     The actions of S. Daly in serving the Action violate §14-208(6) of the Maryland Debt Act.

264.     The actions of S. Daly in serving the Action were willful and intentional.

265.     The actions of S. Daly in serving the Action are a communication with Plaintiff at unusual hours of the night of Thanksgiving Day which S. Daly knew, or should have known, could reasonably be expected to abuse or harass Plaintiff.

266.     The Process Server is an agent of S. Daly and S. Daly is responsible for his actions because S. Daly retained his services for filing the Action.

267.    The actions by S. Daly in serving the Action in such an abusive and harassing manner have damaged Plaintiff because she incurred, and will continue to incur, legal costs in this Adversary Proceeding and in defending the Action.

268.    The actions by S. Daly in serving the Action have damaged Plaintiff emotionally and have caused her mental anguish as more fully set forth above.

269.    The actions of S. Daly in serving the Action have damaged Plaintiff who has incurred medical expenses and who was unable to concentrate at work.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Sean Daly intentionally violated Maryland Consumer Debt Collection Act, Section 14-202(6); (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Sean Daly; and  (iv) award damages to Plaintiff for emotional distress and mental anguish for  abusive and harassing conduct.

### Count Seventeen

### (Against E. Chiarizia -Violation of Maryland Consumer Debt Collection Act Section 14-202(6))

270.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 269 above.

271.    The actions of E. Chiarizia in serving the Action violate §14-208(6) of the Maryland Debt Act.

272.    The actions of E. Chiarizia in serving the Action were willful and intentional.

273.    The actions of E. Chiarizia in serving the Action are a communication with Plaintiff at unusual hours of the night of Thanksgiving Day which E. Chiarizia knew, or should have known, could reasonably be expected to abuse or harass Plaintiff.

274.    The Process Server is an agent of E. Chiarizia and E. Chiarizia is responsible for his actions because S. Daly retained his services for filing the Action.

275.    The actions by E. Chiarizia in serving the Action in such an abusive and harassing manner have damaged Plaintiff because she incurred, and will continue to incur, legal costs in this Adversary Proceeding and in defending the Action.

276.    The actions by E. Chiarizia in serving the Action have damaged Plaintiff emotionally and have caused her mental anguish as more fully set forth above.

277.    The actions of E. Chiarizia in serving the Action have damaged Plaintiff who has incurred medical expenses and who was unable to concentrate at work.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Emily Chiarizia intentionally violated Maryland Consumer Debt Collection Act, Section 14-202(6); (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Defendant Emily Chiarizia; and  (iv) award damages to Plaintiff for emotional distress and mental anguish for  abusive and harassing conduct.

**Count Eighteen**
**(Against Defendant Portfolios- Violation of Federal Fair Debt Collection Practices Act – 15 U.S.C. Section 1692 *et seq*.)**

278.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 277 above.

279.    Portfolios is subject to the provisions of the Federal Debt Act as alleged more fully above.

280.    Portfolios employed false, deceptive, or misleading representations or means in connection with the collection of the Card Debt and in filing the Action.

281.    Portfolios knew, or should have known, that the Card Debt had been discharged and was not collectible at the time that the Action was filed against Plaintiff.

282.    The filing of the Action constituted a false, deceptive, or misleading representation of the legal status of the Card Debt and that the Card Debt was collectible when it was not and Defendant knew or should have known that it was not collectible.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Maryland Portfolios, Inc. is subject to the provisions of the Federal Debt Act and that Maryland Portfolios, Inc. intentionally violated 15 U.S.C. Section 1692 by the use of false, deceptive, or misleading representations or means in connection with the collection of the Card Debt and in filing the Action ; (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional distress she suffered as a result of the actions of Maryland

Portfolios, Inc.; and  (iv) award statutory damages  to Plaintiff as set forth in the Federal

Debt Act.

### Count Nineteen
### (Against Defendant Law Firm- Violation of Federal Fair Debt Collection Practices Act – 15 U.S.C. Section 1692 *et seq*.)

283.    Plaintiff realleges and incorporates by reference each of the allegations set

forth in numbered paragraphs 1 through 285 above.

284.    Law Firm is subject to the provisions of the Federal Debt Act as alleged

more fully above.

285.    Law Firm employed false, deceptive, or misleading representations or

means in connection with the collection of the Card Debt and in filing the Action.

286.    Law Firm knew, or should have known, that the Card Debt had been

discharged and was not collectible at the time that the Action was filed against Plaintiff.

287.    The filing of the Action constituted a false, deceptive, or misleading

representation of the legal status of the Card Debt and that the Card Debt was collectible

when it was not and Defendant knew or should have known that it was not collectible.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Peroutka &

Peroutka, P.A. is subject to the provisions of the Federal Debt Act and that Defendant

intentionally violated 15 U.S.C. Section 1692 by the use of false, deceptive, or

misleading representations or means in connection with the collection of the Card Debt

and in filing the Action ; (ii) award compensatory damages to Plaintiff for all legal costs

incurred by her in this adversary proceeding, all legal costs incurred by her in defending

the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii)

award compensatory damages to Plaintiff for medical costs incurred by her in connection

with the emotional distress she suffered as a result of the actions of Peroutka & Peroutka, P.A.; and  (iv) award statutory damages  to Plaintiff as set forth in the Federal Debt Act.

**Count Twenty**
**(Against Defendant S. Peroutka- Violation of Federal Fair Debt Collection Practices Act – 15 U.S.C. Section 1692 *et seq*.)**

288.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 287 above.

289.    S. Peroutka is subject to the provisions of the Federal Debt Act as alleged more fully above.

290.    S. Peroutka employed false, deceptive, or misleading representations or means in connection with the collection of the Card Debt and in filing the Action.

291.    S. Peroutka knew, or should have known, that the Card Debt had been discharged and was not collectible at the time that the Action was filed against Plaintiff.

292.    The filing of the Action constituted a false, deceptive, or misleading representation of the legal status of the Card Debt and that the Card Debt was collectible when it was not and Defendant knew or should have known that it was not collectible.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Stephen Peroutka is subject to the provisions of the Federal Debt Act and that Defendant intentionally violated 15 U.S.C. Section 1692 by the use of false, deceptive, or misleading representations or means in connection with the collection of the Card Debt and in filing the Action ; (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with

the emotional distress she suffered as a result of the actions of Stephen Peroutka; and (iv) award statutory damages to Plaintiff as set forth in the Federal Debt Act.

## Count Twenty-One
### (Against Defendant M. Peroutka- Violation of Federal Fair Debt Collection Practices Act – 15 U.S.C. Section 1692 *et seq.*)

293.   Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 285 above.

294.   M. Peroutka is subject to the provisions of the Federal Debt Act as alleged more fully above.

295.   M. Peroutka employed false, deceptive, or misleading representations or means in connection with the collection of the Card Debt and in filing the Action.

296.   M. Peroutka knew, or should have known, that the Card Debt had been discharged and was not collectible at the time that the Action was filed against Plaintiff.

297.   The filing of the Action constituted a false, deceptive, or misleading representation of the legal status of the Card Debt and that the Card Debt was collectible when it was not and Defendant knew or should have known that it was not collectible.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Michael Peroutka is subject to the provisions of the Federal Debt Act and that Defendant intentionally violated 15 U.S.C. Section 1692 by the use of false, deceptive, or misleading representations or means in connection with the collection of the Card Debt and in filing the Action ; (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with

the emotional distress she suffered as a result of the actions of Michael Peroutka; and (iv) award statutory damages  to Plaintiff as set forth in the Federal Debt Act.

## COUNT Twenty-Two
**(Against Defendant S. Daly- Violation of Federal Fair Debt Collection Practices Act – 15 U.S.C. Section 1692 *et seq.*)**

298.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 285 above.

299.    S. Daly is subject to the provisions of the Federal Debt Act as alleged more fully above.

300.    S. Daly employed false, deceptive, or misleading representations or means in connection with the collection of the Card Debt and in filing the Action.

301.    S. Daly knew, or should have known, that the Card Debt had been discharged and was not collectible at the time that the Action was filed against Plaintiff.

302.    The filing of the Action constituted a false, deceptive, or misleading representation of the legal status of the Card Debt and that the Card Debt was collectible when it was not and Defendant knew or should have known that it was not collectible.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Sean Daly is subject to the provisions of the Federal Debt Act and that Defendant intentionally violated 15 U.S.C. Section 1692 by the use of false, deceptive, or misleading representations or means in connection with the collection of the Card Debt and in filing the Action ; (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with the emotional

distress she suffered as a result of the actions of Sean Daly; and (iv) award statutory damages to Plaintiff as set forth in the Federal Debt Act.

### COUNT Twenty-Three
**(Against Defendant E. Chiarizia- Violation of Federal Fair Debt Collection Practices Act – 15 U.S.C. Section 1692 *et seq.*)**

303.    Plaintiff realleges and incorporates by reference each of the allegations set forth in numbered paragraphs 1 through 295 above.

304.    E. Chiarizia is subject to the provisions of the Federal Debt Act as alleged more fully above.

305.    E. Chiarizia employed false, deceptive, or misleading representations or means in connection with the collection of the Card Debt and in filing the Action.

306.    E. Chiarizia knew, or should have known, that the Card Debt had been discharged and was not collectible at the time that the Action was filed against Plaintiff.

307.    The filing of the Action constituted a false, deceptive, or misleading representation of the legal status of the Card Debt and that the Card Debt was collectible when it was not and Defendant knew or should have known that it was not collectible.

WHEREFORE, Antonietta Serruto prays the Court to (i) find Emily Chiarizia is subject to the provisions of the Federal Debt Act and that Defendant intentionally violated 15 U.S.C. Section 1692 by the use of false, deceptive, or misleading representations or means in connection with the collection of the Card Debt and in filing the Action ; (ii) award compensatory damages to Plaintiff for all legal costs incurred by her in this adversary proceeding, all legal costs incurred by her in defending the Action and all filing fees in this matter and in re-opening the bankruptcy case; (iii) award compensatory damages to Plaintiff for medical costs incurred by her in connection with

the emotional distress she suffered as a result of the actions of Emily Chiarizia; and (iv)

award statutory damages to Plaintiff as set forth in the Federal Debt Act.

Dated: December 11, 2013

                                 /s/ *Deborah H. Devan*
                                 Deborah H. Devan, Esquire
                                 Federal Bar No. 01479
                                 Neuberger, Quinn, Gielen,
                                   Rubin & Gibber, P.A.
                                 One South Street, 27th Floor
                                 Baltimore, Maryland 21202-3292
                                 Telephone: (410) 332-8550
                                 Facsimile: (410) 332-8505
                                 dhd@nqgrg.com

                                 Attorneys for Antonietta Serruto